UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORACE BELL,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>P. HAAS, et al.,<br><br>　　　　　　Defendants. | No. 2:14-cv-13-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He seeks leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a). For the reasons explained below, the court finds that plaintiff has not demonstrated he is eligible to proceed in forma pauperis.

A prisoner may not proceed in forma pauperis:

if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Court records reflect that on at least three prior occasions, plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See, e.g.,* (1) *Bell v. Harrington*, 2:09-cv-08808-

1

UA-RC (C.D. Cal.) (dismissed December 30, 2009, for failure to state a claim under *Heck v. Humphrey*, 512 U.S. 477 (1994)[1], as frivolous, and for naming immune defendants); (2) *Bell v. Harrington*, 2:10-cv-00421-UA-RC (C.D. Cal.) (dismissed January 26, 2010, for failure to state a claim under *Heck*); (3) *Bell v. Lopez*, 1:10-cv-01762-SKO PC, 2011 U.S. Dist. LEXIS 95850 (E.D. Cal.) (dismissed August 26, 2011 for failure to state a claim); and (4) *Bell v. Lopez*, No. 11-80037 (dismissed October 18, 2011 as "so insubstantial as to not warrant further review"); *see also Bell v. Stiles*, 1:12-cv-1925-MJS (E.D. Cal.) (January 30, 2013 order designating plaintiff a three strikes litigant under 28 U.S.C. § 1915(g)).

Further, it does not appear that plaintiff was under imminent threat of serious physical injury when he filed the complaint. *See* 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. Cal. 2007) (section 1915(g) imminent danger exception applies where complaint makes a "plausible" allegation that prisoner faced imminent danger of serious physical injury at the time of filing). The "Statement of Claim," attached to the complaint (ECF No. 1) purports to describe an imminent danger of serious physical injury to plaintiff in two contexts. First, plaintiff alleges that his "wheelchair was crushed in the Kong Gate" and that he "was unable to jump out," and therefore his "life was in imminent danger of serious physical injury." The allegation that plaintiff's life *was* in danger at the moment the gate allegedly came into contact with plaintiff's wheelchair does not demonstrate the existence of an imminent threat. Next, plaintiff alleges he has a recurring staph infection caused by unsanitary shower conditions.

/////

/////

---

[1] In *Heck*, the Supreme Court clarified that a dismissal pursuant to the rule announced therein was a denial of "the existence of a cause of action [under § 1983]." *Heck*, 512 U.S. at 489. Absent a cause of action, there is no claim upon which relief can be granted. Dismissals pursuant to *Heck*, therefore, can reasonably be interpreted as dismissals for failure to state a claim, and qualify as strikes under 1915(g). *Duncan v. Ramirez*, No. C 12-6251, 2013 U.S. Dist. LEXIS 93840, at *4 (N.D. Cal. July 3, 2013); *Ortega v. Heitkamp*, No. 2:11-cv-2735 GEB CKD, 2013 U.S. Dist. LEXIS 9246, at *3 (E.D. Cal. Jan. 23, 2013); *see also Smith v. Veterans Admin.*, 636 F.3d 1306, 1312 (10th Cir. 2011); *Rivera v. Allin*, 144 F.3d 719, 730-31 (11th Cir. 1998); *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995).

He claims that he uses a cream for the infection, but that "imminent danger could get into [his] blood from the infection." Plaintiff's fear that the infection "could get into" his blood does not plausibly demonstrate that the alleged staph infection (for which there is no alleged denial of medical care) poses an imminent danger of serious physical injury. The remaining allegations in the "Statement of Claim" consist of the following: (1) plaintiff was forced to sleep on the floor for sixty days (December 7, 2012 to February 20, 2013) due to water leaks in his cell; (2) it hurt plaintiff to open and close his cell door,[2] and his shoulder still hurts (3) plaintiff was unable to shower while housed in administrative segregation; and (4) a defendant served plaintiff "contaminated food . . . to try and kill plaintiff," harassed plaintiff because he is a "full time wheelchair user," and mocked plaintiff for his "soft diet." Plaintiff does not allege, and there is no plausible basis for determining, that any of these issues currently pose an imminent danger of serious physical injury to plaintiff. For these reasons, the imminent danger exception does not apply.

Because plaintiff has not paid the filing fee and is not eligible to proceed in forma pauperis, this action must be dismissed.

Accordingly, it is hereby ORDERED that the Clerk of the Court randomly assign a United States District Judge to this case.

Further, IT IS HERBEY RECOMMENDED that plaintiff's request for leave to proceed in forma pauperis be denied and this action be dismissed without prejudice to re-filing upon pre-payment of the $400 filing fee. *See* 28 U.S.C. §§ 1914(a), 1914 (District Court Miscellaneous Fee Schedule, No. 14), 1915(g).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

---

[2] Administrative appeals, attached to the complaint, state that the problem with plaintiff's cell door was fixed.

3

1  within the specified time may waive the right to appeal the District Court's order. *Turner v.*
2  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
3  Dated: January 9, 2014.

                        EDMUND F. BRENNAN
                        UNITED STATES MAGISTRATE JUDGE